## Richard G. Flood v. Rosa Forst, Adm'x.

1. RECEIVER—*Appointment of—When Proper.*—An administratrix, by direction of the Probate Court, entered into a contract with a person to take charge of and conduct for her, a business of the estate represented by her, as a manager, upon certain conditions and for a specified period. Such person afterward procured a new lease in his own name, of the premises where the business was conducted, assumed a wrongful possession of the same, refused to surrender possession and claimed ownership of the business, retaining the proceeds as his own. *Held*, that the appointment of a receiver upon a bill properly framed under the contract was justified.

Appeal from an interlocutory order appointing a receiver by the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed February 19, 1901.

MINOGUE & WARNE, attorneys for appellant.

MCDONNELL & GOLDSMITH, attorneys for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is an appeal from an interlocutory order appointing a receiver.

Appellee, as administratrix, according to her bill of complaint, came into possession of a saloon business which had been conducted by the deceased, Bernie Forst, in his lifetime, and of the leasehold interest in the premises where such business was carried on. By leave of the Probate Court she continued said business herself for about eight months, and then employed appellant, entering into a written agreement with him, the material part of which is as follows:

" The said first party hereby employs the said second party as manager of the business of the said estate of No. 1621 Wabash avenue, Chicago, for and during the term commencing with the date hereof until and including the 19th day of July, A. D. 1900. The said second party is to pay for all merchandise used in and about said business, and to pay for all help and other expenses incurred in and about

the conduct of the said business, and is further to pay to the party of the first part, in consideration hereof, the sum of four hundred fifty dollars ($450), in sums as follows: eighty dollars for the first month of the said term, and eighty dollars for each full month thereafter, and fifty dollars for the balance of the term after the 30th day of June, A. D. 1900.

"The said party of the second part is to retain as his interest in said business after the payments specified are made, all of the profits thereof, the same to be in full satisfaction of any claims against said estate. Signed Rosa Forst, administratrix of estate of Bernie Forst, deceased. Signed, Richard G. Flood."

The bill alleges that appellant, while still in her employ, procured from the landlord a lease of the said premises in his own name, and refuses to surrender possession to appellee. She prays for the appointment of a receiver and for a decree adjudging that appellant holds the lease in trust for the use of the estate, and for general relief.

Appellant filed his affidavit in which he admits the execution of the said agreement in writing, and states that he has complied with the same, except as to the last payment of fifty dollars, which he tenders; that he purchased absolutely the goods, chattels and good will of the business; that he was not appellee's agent and never acted as such; that no fiduciary relation existed, and that he is not financially irresponsible.

Appellant's counsel contend that the said written instrument shows a complete transfer of appellee's interest in the business; in other words, that it is in effect a bill of sale. Such is not, however, its purport. By its terms appellant is employed as manager for a specified term. He agrees to pay for all merchandise used and all other expenses incurred during the said term, and to pay appellee a certain definite sum payable in fixed installments, the last installment to be "for the balance of the term." For his share, or "interest in the business," during such term he is to retain all the remaining profits. In other words, he is to keep all he can make over and above the amounts he is to pay appellee, which is to be retained by him "in full satisfaction of any claims against said estate," manifestly

including all claims for his services as such manager. Such contract gave appellant no ownership of anything but the merchandise which he bought and paid for, for use in the business during the term. It appears from the documentary evidence that as part of such merchandise he bought of appellee her stock of wines, liquors and cigars, and received also from her for use during the term, certain articles, a list of which was made out, "to be returned to Rosa Forst, administratrix of said estate," and was signed by appellant.

It appearing from the facts, undisputed as the record now stands, that appellant is wrongfully in possession and claiming ownership of the business to which, by the showing made, he has no title, and is retaining the proceeds as his own, it is entirely proper that upon the prayer of the owner, a receiver should be appointed to protect the business and the proceeds from misappropriation pending the final disposition upon hearing. While appellant makes an affidavit that the statements in the bill and in an affidavit filed in behalf of appellee are untrue, it is not specifically denied that he is making alterations in the premises involved, without appellee's consent; and while he denies that he is financially irresponsible, no facts are stated sustaining such denial.

We deem it unnecessary to discuss further the objections urged. The appeal was properly prayed, and allowed in apt time. But there was no error in the appointment of the receiver pending the final hearing, and the order of the Circuit Court is therefore affirmed.